**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

J. GUADALUPE NINO ESCOBEDO,

Petitioner,

v. No. 1:26-cv-03264-KG-SCY

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security; et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Petitioner J. Guadalupe Nino Escobedo's *pro se* petition for writ of habeas corpus ("Petition"), filed September 30, 2026. *See* Doc. 1. It is unclear on the face of the Petition what statutory authority Petitioner is currently detained under, and whether Petitioner has received a bond hearing. *See generally* Doc. 1. Respondents do not contest the facts presented in the Petition, but cite to *Santillan Quiroz*, 180 F.4th 1226 (10th Cir. 2026), for the proposition that, should the Court grant relief in this case, a bond hearing is appropriate under 8 U.S.C. § 1226(a). Doc. 7 at 1.

The Court ordered Respondents to supplement the record and to answer: (1) what statutory authority Petitioner is detained under; (2) whether Petitioner is subject to a final order of removal; and (3) whether Respondents oppose the Petition. Doc. 8 at 1. In their response, Respondents noted, in relevant part, that Petitioner is detained under 8 U.S.C. § 1226, that Petitioner was ordered removed on August 31, 2026, and has timely appealed to the Board of Immigration Appeals, and that "Respondents have not provided documents indicating Petitioner has received a bond hearing." Doc. 9 at 1. Respondents further contend that "[f]or purposes of this specific case, Respondents do not oppose granting the relief requested in the Petition; namely, a bond hearing." *Id.* at 1.

As a general matter, Petitioner has sufficiently raised that his due process rights have been violated. *United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018) (noting that "a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (alteration omitted)). Therefore, the Court may analyze Petitioner's claim under either a procedural or substantive due process theory. Here, Petitioner's detention under § 1226(a) without a bond hearing constitutes a violation of his procedural due process right under the Fifth Amendment to the United States Constitution. *See Santillan*, 180 F.4th at 1237 (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"); *see also Cortez-Gonzalez v. Noem*, 811 F.Supp.3d 1287, 1298 (D.N.M. 2025) (concluding petitioner detained pursuant to § 1226 was entitled to a bond hearing and continued detention without such review was an ongoing violation of due process rights); *Mieles-Parraga v. Bondi*, No. 2:26-cv-00646-KG-JHR, 2026 WL 776489, at *2 (D.N.M. March 19, 2026) (ruling petitioner's detention absent a bond hearing violated the Fifth Amendment Procedural Due Process Clause).

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [petitioner] has been taken into custody, cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight (48) hours from this Order's filing) Petitioner from custody.
2. Upon Petitioner's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained. Respondents shall provide a copy of this Order to Petitioner.
3. Respondents must file a status report within five (5) business days of this Order's filing to certify their compliance.
4. If Petitioner is re-detained prior to entry of a final order of removal, all applicable regulations and procedures must be followed, including that Petitioner be provided a bond hearing pursuant to § 1226(a).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.